IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UDK SOLUTIONS, INC., et al.,<br>Plaintiffs,<br><br>vs.<br><br>DISASTER CLEAN UP SERVICE, LLC., et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND VACATING HEARING<br><br>Case No. 2:06-CV-192 TS |

This matter is before the Court on the parties' cross Motions for Summary Judgment.

This case involves Plaintiffs' claim of valid and enforceable trademark rights in the marks "Disaster Kleenup" and "Utah Disaster Kleenup" (the Marks). Plaintiffs bring claims of trademark infringement under the Lanham Act, common law trademark infringement, and for intentional interference with existing and prospective economic relations under Utah law. Defendants move for summary judgment on all claims on the grounds that Plaintiffs disclaimed protection for the use of words "fire, water, wind and disaster" apart from their use in the triangle logo design in the descriptive mark, U.S. Trademark

Registration 1,146,912 (the triangle logo design), and that words are generic descriptive terms that are available for competitors to use. Plaintiffs move for summary judgment on the trademark claims on the grounds that the marks are suggestive; if the marks are descriptive, a secondary meaning exists; the marks are not generic; and there is a likelihood of confusion.

The Motions were only recently fully briefed. In addition to filing their Opposition to the Plaintiffs' Motion for Summary Judgment, Defendants move for further time to conduct discovery and file a further response under Fed. R. Civ. P. 56(f). Plaintiffs move to strike[1] two affidavits and attached exhibits that were filed in support of Defendants' Opposition. There is currently a dispute over whether the hearing should be continued to allow Defendants to file responses to the Motions to Strike.

"Summary judgment is proper only if there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law."[2] The Court reviews "the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[3] "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under

[1]Docket Nos. 94 and 97 (Motions to Strike Slater and Seeley Affidavits).

[2]*Durham v. Herbert Olbrich GMBH & Co*., 404 F.3d 1249, 1250 (10th Cir. 2005) (quoting *Riley v. Brown & Root, Inc.,* 896 F.2d 474, 476 (10th Cir. 1990)).

[3]*Id.*

the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."[4]

The substantive law is explained in *Donchez v. Coors Brewing Co.*:[5]

> "Section 43(a) of the Lanham Act, prohibiting the use of false designations of origin, protects against service mark infringement even if the mark has not been federally registered."[6]
>
> Federal law defines a service mark to include "any word ... or any combination thereof . . . used by a person . . . to identify and distinguish the services of one person, including a unique service, from the services of others and to indicate the source of the services, even if that source is unknown." 15 U.S.C. § 1127. To be protectable, "a mark must be capable of distinguishing the products [or services] it marks from those of others."
>
> "There are five different categories of terms with respect to the protection of a mark: generic, descriptive, suggestive, arbitrary, and fanciful." The five categories have been succinctly described in the following manner:
>
> A mark is generic if it is a common description of products [or services] and refers to the genus of which the particular product [or service] is a species. A mark is descriptive if it describes the product's [or service's] features, qualities, or ingredients in ordinary language or describes the use to which the product [or service] is put. A mark is suggestive if it merely suggests the features of the product [or service], requiring the purchaser to use imagination, thought, and perception to reach a conclusion as to the nature of the goods [or services]. An arbitrary mark applies a common word in an unfamiliar way. A fanciful mark is not a real word at all, but is invented for its use as a mark.[7]

---

[4] *Bartell v. Aurora Public Schools,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[5] 392 F.3d 1211 (10th Cir. 2004).

[6] *Id.*, at 1215 (quoting *U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 522 (4th Cir. 2002)).

[7] *Donchez*, 392 F.3d at 1216 (quoting *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 344 (2d Cir. 1999)).

> "If a term is generic (the common name for a product or service), it is ineligible for protection" because "[t]he public has an inherent right to call a product or service by its generic name." "A descriptive mark may be eligible for protection, but only if it has acquired a 'secondary meaning' in the minds of the public." "Fanciful (made-up words expressly coined to serve as trade or service marks), arbitrary (common words applied in unfamiliar ways), and suggestive marks (words that connote, rather than describe, some quality or characteristic of a product or service) are inherently distinctive, and thus receive the greatest protection against infringement."[8]

In suing under the Lanham Act for infringement of an unregistered trademark, Plaintiffs have the burden of to prove "both validity and infringement, unaided by any presumptions."[9]

The Court has considered the entire record of the Motions for Summary Judgment, including Plaintiffs' Sur-reply Brief. The Court finds that Defendants have met their burden of showing that there is no material issue of fact regarding infringement by use of the triangle logo design. There is simply no evidence that Defendants have ever used the triangle logo design and, therefore, Defendants are entitled to judgment as a matter of law as to Plaintiffs' claim of trademark infringement based upon that triangle logo design.

As to all other claims, the Court finds that, without considering the disputed affidavits and attached exhibits, that there are material issues of fact on the validity of the claimed marks. Those issues of fact include, but are not limited to, an issue of fact on whether the marks are generic. "The categorization of marks along [the five category] spectrum of

---

[8] *Id*. at 1215-16 (quoting *U.S. Search, LLC v. U.S. Search.com, Inc*., 300 F.3d 517, 523 (4th Cir. 2002)).

[9] McCarthy on Trademarks and Unfair Competition, § 27:14 (4th Ed. 2007) (citing *Donchez*, 392 F.3d at 1217).

distinctiveness is a factual issue."[10] Plaintiffs have also shown a material issue of fact on the alleged secondary meaning. It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 15) is GRANTED IN PART and Defendants shall have judgment in their favor on Plaintiffs' claim that they infringed U.S. Trademark Registration 1,146,912 by use of the triangle logo design. It is further

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 15) is otherwise DENIED. It is further

ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 64) is DENIED. It is further

ORDERED that the hearing set for May 3, 2007 at 10:00 a.m. is VACATED.

DATED May 2, 2007.

BY THE COURT:

TED STEWART
United States District Judge

---

[10] *Id.* at §11:3 (citing *Donchez*, 392 F.3d at 1216).