IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UDK SOLUTIONS, INC., et al.,<br>Plaintiffs,<br><br>vs.<br><br>DISASTER CLEAN UP SERVICE, LLC., et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S APRIL 10, 2007 ORDER<br><br>Case No. 2:06-CV-192 TS |

This matter is before the Court on Plaintiffs' Objection to the Magistrate Judge's April 10, 2007 Order (Order).[1] The Order granted Defendants' request that the Magistrate Judge extend the expert discovery deadline until after a decision was reached on Defendants' Motion for Summary Judgment. Defendants requested a 45 to 60 day extension. Plaintiffs subsequently filed a cross-motion for summary judgment. The Magistrate Judge extended the deadline to 45 days following the summary judgment decision on two grounds. First, it would ease the financial burden on Defendants while not

[1]Docket No. 83.

substantially prejudicing any party. Second, the Magistrate Judge found that it would potentially greatly narrow the scope of the issues in this case to have summary judgment motions decided prior to expensive expert discovery.

Plaintiffs contend that the Order is clearly erroneous and contrary to law for two reasons. First, because the extension was granted in part on the basis of avoiding unnecessary expenses, Plaintiffs argue that the basis was "eviscerated" by Defendants' subsequent action in seeking a Rule 56(f) extension to take Plaintiffs' experts' depositions. Second, Plaintiffs argue that the 45-day extension is unduly long for the purpose of deposing one or two of Plaintiffs' experts.

Defendants contend that Order was well-supported, was within the Magistrate Judge's discretion because the only other extension is the two-month fact discovery extension, and that their subsequent improvement in financing does not make the Order erroneous when issued.

The Court has set forth the applicable standard in its prior Order overruling the Plaintiffs' Objection to the Magistrate Judge's extension of the fact discovery deadline.[2]

> For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review. Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Courts

---

[2]Docket No. 106 (May 2, 2007 Memorandum Decision and Order Overruling Plaintiffs' Objection to Magistrate Judge's February 27, 2007 Order).

recognize that wide discretion is given the magistrate judge in discovery rulings.[3]

The Court has reviewed the parties' arguments and the entire record. The Court finds that the Magistrate's Order extending the expert discovery deadline for 45 days was fully supported by the record and was not contrary to law. It was not erroneous for the Magistrate Judge to consider the avoidance of unnecessary expenses to the parties as one factor in setting case management deadlines. In fact, in view of the extension of the fact discovery deadline, a correspondingly brief extension of the expert discovery deadline appears to be the logical way for the parties to prepare for trial. It is therefore

ORDERED that Plaintiffs' Objection (Docket No. 92) to the Magistrate Judge's April 10, 2007 Order is OVERRULED and said Order is AFFIRMED IN ALL RESPECTS.

DATED May 17, 2007.

BY THE COURT:

TED STEWART
United States District Judge

[3] *Id*. at 2 (quoting 28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); and *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999)).